No. 4814.

(Court of Appeal, Parish of Orleans.)

## MRS. SOPHIE ABRAHAM vs. J. B. ALEXANDER.

Mrs. Jessy Benedict Gessner for plaintiff and appellee.

Jas. J. McLoughlin for defendant and appellant.

DUFOUR, J —The plaintiff, universal legatee of the late Thomas Alexander, sues the latter's uncle for rents alleged to have been collected by him and not accounted for. and, also, for the avails of a life insurance policy for $125, paid to him by the Metropolitan Life Insurance Company.

The policy was taken by Thomas Alexander on his own life, and did not name any specific beneficiary. One of its clauses provides that "the company may pay the amount due under this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial, and the production of a receipt signed by either of said persons shall be conclu-

— 6 —

sive evidence that all claims under this policy have been satisfied.''

The policy in question is of the kind known as industrial insurance; it is for a small amount and in consideration of the payment of small weekly premium installments.

Where no beneficiary is named, the ownership of the policy at the death of the assured becomes vested in his succession and passes to his universal legatee.

It is apparent that the clause above quoted was intended merely to protect the company from erroneous payment in good faith and possible consequent litigation, and was not meant to give the insurer the power to choose and designate a beneficiary.

Though the plaintiff may not proceed against the company, she may claim and recover the amount from the one, not entitled to it, who received payment from the insurer.

The judgment properly ordered defendant to pay the same to plaintiff.

As to the rents collected, there is conflict of testimony; we shall adopt the view of the District Judge that defendant accounted satisfactorily for all he had collected.

The claim for the mortuary dividend of $31 cannot be considered; it was not sued on and prayed for in the petition.

Judgment affirmed.

November 29, 1909.

Rehearing refused December 13, 1909.

Writ refused by Supreme Court, January 24, 1910.